**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

JACK VALENTINE,

     Petitioner,

v.                          **Case No. 8:25-cv-2221-MSS-SPF**

SECRETARY, DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____/

## O R D E R

Valentine filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his state court conviction for robbery with a deadly weapon. (Doc. 1) The Respondent filed a response asserting that the petition is time barred. (Doc. 9) Importantly, the Court afforded Valentine the right to file a reply to the response (Doc. 7 at 3) and Valentine failed to do so, and the time to file a reply expired. After reviewing the petition, the response, and the relevant state court record, the Court **DISMISSES** the petition as time barred.

## PROCEDURAL HISTORY

A jury found Valentine of robbery with a deadly weapon, and the trial judge sentenced Valentine to life in prison as a prison releasee reoffender. (Doc. 10-2 at 11–13) Valentine appealed (Doc. 10-2 at 15), and the state appellate court affirmed in a decision without a written opinion. (Doc. 10-2 at 122) The state appellate court

1

denied Valentine's motion for a rehearing and for a written opinion. (Doc. 10-2 at 134). More than two years later, Valentine filed a motion for post-conviction relief. (Doc. 10-2 at 136–81) The post-conviction court denied Valentine relief (Doc. 10-2 at 203–09), and the state appellate court affirmed in a decision without a written opinion. (Doc. 10-2 at 330) Also, Valentine filed a successive post-conviction motion (Doc. 10-2 at 344–65), and the post-conviction court dismissed the motion as untimely. (Doc. 10-2 at 395–97) Valentine's federal petition followed.

In his federal petition, Valentine asserts that trial counsel deficiently performed by failing to inform him of inculpatory evidence before he rejected a plea, by failing to object to comments by the prosecutor during opening and closing statements, by failing to object to opinion testimony by a police officer, by failing to request a jury instruction that supported his defense, and by failing to investigate a defense based on mental health. (Doc. 1 at 6, 16–19)

## ANALYSIS

A one-year statute of limitation applies to a federal habeas petition challenging a state court judgment. 28 U.S.C. § 2244(d)(1). The limitation begins to run "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The limitation tolls when "a properly filed application for State post-conviction or other collateral review" is pending. 28 U.S.C. § 2244(d)(2).

On December 17, 2019, the state appellate court affirmed Valentine's conviction and sentence in a decision without a written opinion. (Doc. 10-2 at 122) Valentine

timely moved for a rehearing and for a written opinion (Doc. 10-2 at 124–32), and the state appellate court denied the motion on January 17, 2020. (Doc. 10-2 at 134)

The state supreme court lacked jurisdiction to review the state appellate court's decision without a written opinion. *Jackson v. State*, 926 So. 2d 1262, 1265 (Fla. 2006). Valentine could have sought further review in the United States Supreme Court. *Bates v. Sec'y, Fla. Dep't Corrs.*, 964 F.3d 1326, 1329 (11th Cir. 2020). However, Valentine did not seek further review, and the time to seek further review expired 150 days after the state appellate court denied Valentine's motion for rehearing — June 15, 2020.[1] Consequently, the limitation started to run the next day. Fed. R. Civ. P. 6(a)(1)(A).

The limitation ran for 365 days and expired on June 15, 2021. On July 27, 2025, Valentine placed his federal petition in the hands of prison officials for mailing. (Doc. 1 at 15) Consequently, Valentine's petition is untimely. *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

On February 3, 2022, Valentine, through counsel, filed a motion for post-conviction relief. (Doc. 10-2 at 136–81) On January 29, 2025, Valentine placed in the hands of prison officials for mailing a successive motion for post-conviction relief.

---

[1] A party may seek relief in the United States Supreme Court by filing a petition for a writ of certiorari no later than ninety days after an order denying a timely filed motion for rehearing enters. Sup. Ct. R. 13(1). For a petition with a deadline between March 19, 2020, and July 19, 2021, the United States Supreme Court extended the time to seek relief to 150 days because of the COVID-19 pandemic. Miscellaneous Order, 334 F.R.D. 801 (U.S. Mar. 19, 2020); Miscellaneous Order, 338 F.R.D. 801 (U.S. July 19, 2021). Because ninety days after the order denying Valentine's timely motion for rehearing was April 16, 2020, the extension of time for the COVID-19 pandemic applied.

(Doc. 10-2 at 344–65) Because Valentine filed both motions after the limitation expired, neither motion tolled the limitation. *Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004) ("[O]nce a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas filing deadline does not revive it.").

Valentine does not argue that either the limitation equitably tolled or a miscarriage of justice based on actual innocence excuses the time bar. (Doc. 1 at 13–14) *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *Holland v. Florida*, 560 U.S. 631, 645 (2010).

Accordingly, Valentine's (Doc. 1) petition for a writ of habeas corpus is **DISMISSED** as time barred. The Clerk is **DIRECTED** to enter a judgment against Valentine and **CLOSE** this case.

### DENIAL OF CERTIFICATE OF APPEALABILITY AND LEAVE TO PROCEED *IN FORMA PAUPERIS*

Because Valentine neither makes a substantial showing of the denial of a constitutional right nor demonstrates that reasonable jurists would find debatable both the merits of the underlying claims and the procedural issues that he seeks to raise, a certificate of appealability and leave to appeal *in forma pauperis* are **DENIED**. 28 U.S.C. § 2253(c)(2). *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

**DONE AND ORDERED** in Tampa, Florida on April 20, 2026.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

4